### Dinwiddie, et al. v. Mulligan.

(Decided March 27, 1925.)

#### Appeal from Allen Circuit Court.

1. Reformation of Instruments—Reformation of Oil Lease Not Justified on Ground of Mutual Mistake.—Reformation of oil lease on ground of mutual mistake held not justified, where it was drawn in accordance with agreement of parties, and there was no evidence that it was not written exactly as lessors directed and in accordance with their understanding of agreement.

2. Mines and Minerals—Extension of Oil and Gas Lease Held to Depend on Production and Not Payment of Royalty.—Under oil

and gas lease, expiring in three years unless a well was completed and in operation at that time, and providing that when royalty failed to pay a certain sum per year lease should be void, extension of lease beyond 3-year period depended on production of oil or gas and not on payment of royalty.

FRANCIS R. GOAD appellants.

HARPER & DENTON and W. D. GILLIAM for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

On April 9th, 1919, appellants executed to appellee an oil and gas lease on their farm of 75 acres. The lease by its terms expired in three years unless within that time a well was completed and in operation. A royalty of one-eighth of any oil produced was retained, and the lease contains the further provision that "When royalty fails to pay $75.00 per year this lease shall become null and void."

About a month before the expiration of the three years, a well was completed, but it produced very little if any oil, and certainly not enough to pay a royalty of $75.00 per year. Despite this fact, appellee offered to pay appellants $75.00 a year as rental, which they refused to accept, and his right thus to keep the lease alive is the only question here involved.

His first contention is that the quoted provision does not express the true agreement, which was, "When royalty fails to pay $75.00 a year, rentals shall again become due" as during the three-year period, at $75.00 a year, and he sought to have the lease reformed accordingly.

Upon this issue of a mistake by the draftsman in preparing the lease, the evidence is overwhelming that the lease was drawn in accordance with the parties' agreement, and there is no evidence whatever that it was not written exactly as appellants directed and in accordance with their understanding of the agreement. Hence the mistake, if any, was not mutual, and the alleged ground for reformation was not sustained.

The next and final contention for appellee is that under the contract as written he had the right to keep the lease alive beyond the three-year period by paying appellants $75.00 a year, regardless of whether or not enough

oil was produced to pay appellants that amount as royalty. This contention is wholly untenable. To so construe the contract would not only disregard the terms and evident purpose of this provision, but also would nullify the three-year limitation upon the right to keep the lease alive by the payment of rentals and render it effective so long as rentals were paid, regardless of whether or not oil was ever produced in paying quantities.

To keep the lease alive three years, the appellee had to drill a well within the first year or pay a rental of $1.00 an acre for the second and third years, and its extension beyond that period depended upon the production of oil or gas, and not upon the payment of rentals.

The further provision then that when royalty did not amount to $75.00 a year the lease should be null and void, obviously can mean only that the life of the lease beyond the three-year period depended upon the production thereafter of enough oil to make the royalty amount to $75.00 a year, and not upon the payment of rentals.

As the lower court perpetuated the lease so long as appellee paid appellants $75.00 a year, whether as rentals or royalty, the judgment is reversed, and the cause remanded, with directions to enter a judgment in conformity with this opinion.